Rosen, J., dissenting:
For most of T.M.M.H.'s life, T.M.M.H. has been the subject of court proceedings in *1021 which co-parenting agreements and court orders involving Mother and paternal grandmother have established the parental responsibilities that have secured T.M.M.H.'s care and welfare. As a result, Judge Kelly Ryan, the judge then presiding over that case, addressed issues potentially relevant to this case, including Grandmother's status and Mother's exercise of her parental preference. While these findings were made following oral arguments in this case and will almost certainly be subject to appeal based on the Rule 6.09 letters filed, the probate/adoption court's refusal to recognize the dynamics of the parental role established by Grandmother in an over eight-year ongoing companion case occurring under the same courthouse roof and to appreciate how these two proceedings may impact each other is inexcusable. The majority validates this judicial dysfunction by affirming that a stepparent adoption under these circumstances is a procedural mechanism that can bar a person who achieves the status of parent, both in fact and in law, from even being heard before potentially being cut out of their child's life.
Further, I join Justice Johnson's assessment of Justice Stegall's concurring opinion. By utilizing this case at this juncture in the proceedings to express his displeasure with Frazier and impose his narrow construction of the Kansas Parentage Act (KPA), K.S.A. 2016 Supp. 23-2201, his concurring opinion actually creates more instability in T.M.M.H.'s life than his approach purports to cure. While his construction may provide some measure of legal certainty, it does so at the expense of T.M.M.H.'s real world attachments and established parental bonds.
Notwithstanding the concerns expressed above, based on the **939 record properly before us I would hold that the district court erred in ruling Grandmother lacked standing and the Court of Appeals erred in affirming that decision. See In re Adoption of T.M.M.H. , No. 115,309, 2016 WL 7032112, at *6 (Kan. App.) (unpublished opinion). Grandmother's allegations present a prima facie basis for her standing as a parent. See K.S.A. 2016 Supp. 59-2401a(e)(1). Consequently, the district court should have conducted an evidentiary hearing to determine whether Grandmother could sustain her burden, and I would remand for that determination.
Statutory Standing
In Grandmother's verified brief, she primarily argued standing based on her status as legal custodian. Grandmother also attached some records from the grandparent visitation case in support of her standing. Through these means, she included the following facts suggesting her status is that of parent: Grandmother had custody of T.M.M.H., either by court order or Mother's agreement, for much of his life and served as his primary caregiver and source of financial support. In 2010, Grandmother agreed to share custody with Mother. Grandmother provided different descriptors for her relationship with Mother and the child. Importantly for this analysis, Grandmother sometimes described the relationship with Mother as one of "co-parents." Grandmother further asserted her "co-equal status as parent" was litigated and resolved in the grandparent visitation case. She referred to various agreements between her and Mother by using different names, including "settlement agreement," "parenting plan," "Amended Parenting Plan," and "Amended Mediated Parenting Plan." Grandmother also referred to herself as having a primary attachment bond with the child and as a "de facto parent."
In addition, the record on appeal includes evidence from the grandparent visitation case. Grandmother attached a Journal Entry and Order, which provides Mother and Grandmother with "joint legal custody" of the child and retains for the court the authority to make decisions concerning custody when the parties are unable to do so. As the Court of Appeals panel concluded, the only place Kansas statutes use of the phrase "joint legal custody" is in divorce **940 cases when two parents share custody of a child. In re Adoption of T.M.M.H. , 2016 WL 7032112, at *3 (citing K.S.A. 2015 Supp. 23-3206 [a] ). Viewing this use of "joint legal custody" in the light most favorable to Grandmother, one may infer the judge presiding over the visitation case recognized mother had waived the *1022 parental preference doctrine and the parties were required to share parenting responsibilities. The order offers further support for such an inference, allocating "parenting time" between the women-as opposed to granting visitation to Grandmother solely on the basis of her status as a grandparent.
I appreciate the facts presented here are distinguishable from previous cases dealing with the establishment of nontraditional parental rights and may ultimately lead to a different legal conclusion. However, at this juncture, viewing the evidence in the light most favorable to Grandmother, Grandmother has stated a prima facie case of standing based on Mother's waiver of the parental preference doctrine and her granting Grandmother the rights of a parent. See, e.g., Frazier v. Goudschaal , 296 Kan. 730, 753, 756-58, 295 P.3d 542 (2013) (Biles, J., concurring); In re Marriage of Nelson , 34 Kan. App. 2d 879, 884, 125 P.3d 1081 (2006).
Stepfather opposes these characterizations of the relationship between Mother and Grandmother. But Stepfather offered only briefing, not evidence, to the district court. Unlike Grandmother, Stepfather did not verify his brief. Nor did he attach any exhibits. Like Grandmother, he cited to the record of the grandparent visitation case without actually submitting any of those documents into the record. Stepfather attempted to rectify the issue on appeal, submitting some of the documents from the prior proceedings as attachments to his supplemental brief in this case. But an attachment to a brief does not become part of the record. Supreme Court Rule 6.02(b) (2018 Kan. S. Ct. R. 35) ("The appendix is for the court's convenience and is not a substitute for the record itself ." [Emphasis added.] ); Supreme Court Rule 6.03(b) (2018 Kan. S. Ct. R. 35); see also State v. Warren , 302 Kan. 601, 614, 356 P.3d 396 (2015) (court would not consider documents appended to brief but never formally introduced as evidence or added to record); Rodriguez v. U.S.D. No. 500 , 302 Kan. 134, 144, 351 P.3d 1243 (2015)
**941 (court would not rely on appendix to brief not part of the record below). We cannot consider those documents at this time because they are not properly before us.
Considering these allegations and the evidence in the light most favorable to Grandmother at this stage of the proceedings, I would conclude the district court erred in ruling against Grandmother on the issue of her standing.
Common-law standing
Having reached this conclusion, I must also consider whether Grandmother can establish her common-law standing. Sierra Club v. Moser , 298 Kan. 22, 32-33, 310 P.3d 360 (2013). A person asserting standing bears the burden of establishing he or she has a cognizable injury, or injury in fact, and the causal connection between the injury and challenged conduct. Gannon v. State , 298 Kan. 1107, 1123, 319 P.3d 1196 (2014).
In arguing that she has a cognizable injury, Grandmother expresses her fears that a stepparent adoption here "dilut[es] the value of the custodial order" granted in the other case or "will modify and possibly remove her custodial rights." The potential for competing determinations by different judges certainly exists.
In addition, if Grandmother is deemed a parent, the stepparent adoption may have an impact on her rights. The statutory scheme for stepparent adoption appears to contemplate only two parents participating as parents in a child's life after the adoption-the birth parent-spouse and the stepparent. See K.S.A. 59-2118 ; K.S.A. 2016 Supp. 59-2129. Upon a stepparent adoption, the rights of the parent who is not a party to the stepparent adoption cease. See K.S.A. 59-2118(b) ("The adoptive parent shall be entitled to exercise all the rights of a birth parent and be subject to all the liabilities of that relationship. Upon adoption, all the rights of birth parents to the adopted person, including their right to inherit from or through the person, shall cease, except the rights of a birth parent who is the spouse of the adopting parent."). Because granting a stepparent adoption could terminate any parental rights of Grandmother, she may establish a cognizable injury. Accordingly, Grandmother may **942 establish common-law standing and certainly has made out a prima facie case for such standing. *1023 Because Grandmother has made a prima facie case for standing, I would reverse the district court and Court of Appeals decisions and would remand this case to the district court for further proceedings to determine whether Grandmother can sustain her burden to present evidence of her standing.